## Wilkes-Barre v. Reilly Construction Co.

*Ralph J. Johnston*, for plaintiff.

*Robert J. Gillespie* and *Cletus M. Lyman*, for defendants.

Before Brominski and Schiffman, JJ.

BROMINSKI, J., for the court en banc, May 4, 1965.— This matter comes before the court upon defendants'

rule to show cause why an appeal should not be allowed.

On May 21, 1965, defendants were arrested as being in violation of an ordinance of the City of Wilkes-Barre regulating the operation of strip mining and blasting. On May 22, 1964, a hearing was held before Alderman John D. McGlynn, who found defendants guilty and sentenced them to pay a fine of $300 and costs. Thereafter, on the same day, defendants presented a petition to the Court of Quarter Sessions of Luzerne County for allowance of appeal, and this court, through Pinola, P. J., allowed the appeal, said appeal being filed to September sessions, 1964, no. 100, said appeal, of course, intended to be taken pursuant to the Act of April 17, 1876, P. L. 29, sec. 1, as amended, 19 PS §1189:

"In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: . . . ."

In addition thereto, defendants posted bail in the sum of $600.

Unfortunately, defendants did not file the appeal with the proper court, to wit, the court of common pleas, which has jurisdiction in matters pertaining to "suits for a penalty". Defendants became aware of this error on June 1, 1964, and on that date presented

the present rule to show cause to the court of common pleas to perfect the appeal. The rule was signed by Brominski, J. It is well to note that this was done within the 10-day limitation permitted by the Act of 1876. However, apparently because of haste and the pressure of the circumstances, defendants filed an improper form of appeal, that is, a rule to show cause.

The question now before the court is whether or not defendants should have been allowed to perfect their appeal upon filing of the rule to show cause on June 1, 1964.

Preliminarily, it should be noted that defendants have presented allegations indicating a meritorious defense, one being that they were not engaged in strip mining in any form, but reclaiming coal previously laid down as a part of the right-of-way of the Central Railroad of New Jersey. The other defense deals with the constitutionality of the ordinance. In any event, the defenses do not appear spurious or untenable.

We thus reduce the problem to one of procedure. It is apparent that defendants intended to take an appeal. Secondly, they, within the statutory period allowable for appeals, filed two separate documents, in an attempt to perfect their appeal in addition to having posted $600 bail with the magistrate on their first attempt on May 22, 1964.

Certainly, it cannot be denied that except for error in adherence to strict procedure, defendants in good faith promptly attempted to perfect their appeal. This error in procedure is not surprising. Because of the confusion surrounding the Act of 1876 as to which court an appeal should be taken, this court, on July 13, 1964, adopted a rule eliminating the necessity of a selection of a forum by appellant. Rule 293(c) reads:

"Appeals from judgments for violations of municipal ordinances shall be heard at a time and date to be fixed by the Court".

Accordingly, we must conclude that justice demands that defendants' appeal be allowed. This, for two reasons: (1) Their genuine and timely, although procedurally incorrect, attempt to originally perfect their appeal, and (2) the apparently meritorious nature of their alleged defenses.

### ORDER

It is hereby ordered and decreed that the rule to show cause filed by defendants on June 1, 1964, shall be treated as perfecting their appeal, and the appeal is to be heard at the next term of criminal court.